UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| MARINA ADEA, | ) | No. EDCV 10-041 CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge. Plaintiff seeks review of the Commissioner's denial of disability benefits. As discussed below, the court finds that the Commissioner's decision should be reversed and this matter remanded for further administrative proceedings consistent with this opinion.

**I. BACKGROUND**

Plaintiff Marina Adea was born on February 29, 1956, and was fifty-three years old at the time of her latest administrative hearing. [Administrative Record ("AR") 16, 310.] She has a high

1

school education and past relevant work experience as a certified nursing aide. [AR 63.] Plaintiff alleges disability on the basis of back and leg problems arising from an October 2004 workplace injury. [AR 64-5, 141.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on January 8, 2010, and filed on January 26, 2010. On July 22, 2010, defendant filed an answer and plaintiff's Administrative Record ("AR"). On September 22, 2010, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff applied for a period of disability and disability insurance benefits ("DIB") on October 26, 2005, alleging disability since October 20, 2004. [AR 121.] Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2010. [AR 10.] After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on August 31, 2007, before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr. [AR 59.] Plaintiff appeared with counsel, and testimony was taken from plaintiff and vocational expert ("VE") Sandra Fioretti. [AR 84.] The ALJ denied benefits in an administrative decision filed on October 26, 2007. [AR 18.] When the Appeals Council denied review on January 25, 2008, the ALJ's decision became the Commissioner's final decision. [AR 88-90.]

Plaintiff filed an action in this court, EDCV 08-262 (CW). The matter was remanded for further proceedings pursuant to Sentence Four

of 42 U.S.C. §405(g).

A remand hearing was held on July 29, 2009. [AR 310-27.] Plaintiff appeared at the hearing with counsel and again testified. [AR 312-327.] The ALJ also took testimony from impartial medical expert ("ME") Samuel Landau, M.D., and VE David Rinehart. [See id.] On October 8, 2009, the ALJ issued a second unfavorable decision. [AR 5-15.] This action followed.

### IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence

can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a *prima facie* case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found plaintiff had not engaged in substantial gainful activity from her alleged disability onset date to the date last insured (step one); that plaintiff had a "severe" impairment, namely degenerative disc disease of the lumbar spine, treated surgically, with residual pain (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 10-11.] The ALJ found that plaintiff had the RFC (step four) to:

> [P]erform less than a full range of light exertion. [She] can lift and carry 20 pounds occasionally and 10 pounds frequently.

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

>    She can stand and walk for 2 hours out of an 8-hour work day, and
>    she can sit for 8 hours out of an 8-hour work day with normal
>    breaks such as every 2 hours and a provision to stand and stretch
>    as needed for 1-3 minutes every hour. [She] can occasionally
>    stoop and bend. She can climb stairs, but she cannot climb
>    ladders, work at heights or balance.

[AR 11.] He also found that this RFC would preclude plaintiff's past relevant work. [AR 14.]

The VE testified that a person of plaintiff's RFC, age, education and work experience could perform the requirements of significant numbers of jobs, including such representative occupations as information clerk and sewing machine operator (step five). Accordingly, the ALJ found plaintiff not "disabled" as defined by the Act. [AR 15.]

**C.  ISSUES IN DISPUTE**

The Joint Stipulation identifies three disputed issues, whether the ALJ properly:

1. Considered the treating physician's opinion regarding the presence of nerve root compression;
2. Analyzed whether Plaintiff's impairment met or equaled Listing 1.04; and
3. Considered Plaintiff's subjective symptoms and made proper credibility findings.

[JS 33.]

**D.  ISSUES ONE AND TWO: TREATING PHYSICIAN'S OPINION REGARDING NERVE ROOT COMPRESSION**

The first two issues center on step three of the sequential evaluation, and whether the ALJ adequately weighed the evidence that

suggests plaintiff may have had a listing-level impairment during a closed period from October 2004 to approximately December 2005. Specifically, plaintiff contends the ALJ materially erred in failing to address a probative statement made by her treating orthopedic surgeon, G. Sunny Uppal, M.D., that suggests she met Listing 1.04 and in failing to adequately discuss the evidence of plaintiff's combined symptoms with respect to that listing.[2]

Dr. Uppal treated plaintiff in relation to an October 2004 back injury she suffered on-the-job as a certified nurses' aide, and in connection with her associated claim for state workers' compensation. He performed surgery on plaintiff in September 2005, and by February 2, 2006, opined that plaintiff's only work restrictions were that she was "precluded from doing heavy lifting" and "should do no repetitive bending and stooping." [AR 221, 262-63.] In his report discussing the September 5, 2005, laminectomy and discectomy procedures performed on plaintiff's lumbar spine, Dr. Uppal noted that surgery revealed "[t]he nerve root on the right side was matted down severely." [AR 262-63.]

Plaintiff argues that the ALJ erred by failing to address this notation, which arguably provides support for a finding of severe spine impairment during the closed period under Listing 1.04. Listing 1.04A, for example, requires evidence of a herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative

---

[2] To the extent plaintiff intends to suggest the evidence suggests a listing-level impairment beyond this closed period, this argument is unpersuasive, particularly in light of Dr. Uppal's notation that the September 5, 2005, surgery freed the nerve root. [AR 231.]

7

disc disease, facet arthritis, or vertebral fracture, which results in compromise of a nerve root (including the cauda equina) or the spinal cord.  There must also be evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).  <u>See</u> 20 C.F.R., Pt. 404, Appx. A., Subpart P, Sec. 1.04.  Similarly, listing 1.04C is met when there is a disorder of the spine with lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2B.  <u>Id.</u>

While the ALJ is not required to discuss every piece of evidence in the record, he must explain why any "significant probative evidence has been rejected." <u>Vincent v. Heckler</u>, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (emphasis in original).  In this case, the conclusion of a medical source that a plaintiff's impairment met one or more of the hurdles of a listing-level impairment during a closed period is "significant and probative" evidence.  Dr. Uppal is a treating physician, whose opinions normally should be adopted by the Commissioner, <u>see</u> <u>Orn v. Astrue</u>, 495 F.3d 625, 631 (9th Cir. 2007), and the decision does not indicate that the ALJ found legally sufficient reasons to reject Dr. Uppal's opinions [<u>see</u> AR 23-24].

Moreover, plaintiff has cited to other significant and probative

evidence in support of her contention that she meets or medically equals the requirements of Listing 1.04, and the Commissioner does not persuasively argue that the ALJ made legally sufficient findings with respect to that evidence.[3] [See JS 7-11.] The written decision fails to make "full and detailed findings of the facts essential to" the ALJ's ultimate finding that plaintiff's impairments did not meet or equal a listing for any twelve month period, as he is required to do so that this court might determine whether substantial evidence supports that finding. See Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981). It simply marshals some of the medical evidence relevant to the closed time period, but makes no effort to weigh or balance it. [AR 13-14.] Thus, the court remains unable to conclude with confidence that plaintiff did not suffer from a listing-level impairment during the closed period.

Notwithstanding the Commissioner's arguments here, that the ME's testimony provides substantial evidence for the finding of not disabled, the ME was not asked specifically to address whether the medical evidence suggests plaintiff's symptoms met or equaled Listing 1.04 during a closed period – and he did not do so unilaterally. [See AR 316-19.] Nor was the VE asked to address whether a hypothetical individual with limitations plaintiff was under between October 2004 and December 2005 would be able to work. [AR 323.] Accordingly, neither the ME or VE testimony provides substantial evidence in support of a finding of non-disability during the period between

---

[3] Indeed, the Commissioner agrees that plaintiff required approximately five months of convalescence *following* her back surgery. [JS 11; see also AR 12.]

October 2004 to December 2005.

Reversal is thus required on issues one and two.

**E.    ISSUE THREE: CREDIBILITY FINDING**

Plaintiff next contends the ALJ erred in assessing her credibility. To the extent plaintiff contends she was precluded from working as of 2006, this contention is unpersuasive.

If the Commissioner has set forth specific and cogent reasons for disbelieving plaintiff's testimony, Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981), his assessment should typically be given great weight, Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).

Here, the ALJ set forth multiple, legally sufficient reasons for declining to credit plaintiff's contention that she remains impaired beyond the extent accounted for in the RFC finding, including that she had not sought treatment for allegedly disabling pain in more than a year, that her treating physicians all ultimately opined she is able to perform some degree of work, and that both the objective medical findings and her self-reporting to her physicians did not entirely comport with her complaints, [see AR 12]. See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005)(lack of consistent treatment, lack of medical support for the degree of disability alleged are proper factors in credibility evaluation); Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995) (an ALJ may consider physician opinions that plaintiff could work, which contradict plaintiff's assertion to the contrary, in determining credibility).

The credibility assessment is affirmed.

////

**F. REMAND FOR FURTHER PROCEEDINGS**

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.

Here, the ALJ did not specifically address significant and probative evidence, or adequately articulate the weight he gave to the various medical sources who treated plaintiff during the period from October 2004 to December 2005. Accordingly, outstanding issues remain before a finding of disability can be made. Remand for further administrative proceedings is appropriate.

**VI. ORDERS**

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED.**

2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. § 405(g), for further proceedings consistent with the above.

////

////

11

3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: June 8, 2011



CARLA M. WOEHRLE
United States Magistrate Judge